## SUNBEAM TELEVISION CORPORATION, et al. v. SHEVIN, Attorney General, et al.

No. 76-39277.

Circuit Court, Dade County.

January 14, 1977.

Milledge & Hermelee, Miami, for plaintiff Sunbeam Television Corp.

Paul & Thomson, Miami, for plaintiff Miami Herald Publishing Co.

James D. Whisenand, Assistant Attorney General, for defendants Robert L. Shevin, Attorney General, and Richard E. Gerstein, State Attorney.

DONALD E. STONE, Circuit Judge.

*Order on motions for temporary injunction:* This cause came to be heard upon the motions of the plaintiffs, Sunbeam Television Corporation and the Miami Herald Publishing Company, for a temporary injunction against the enforcement of the 1974 Amendment to Chapter 934, Florida Statutes, and declaring said amendment to be an unconstitutional prior restraint upon certain news gathering activities formerly engaged in by reporters in the employ of the plaintiffs.

At the hearing on January 7, 1977, the court heard the testimony of reporters and senior management persons from the plaintiffs and from Wometco Enterprises and Post-Newsweek, operators of Miami television Channels 4 and 10, respectively. In addition, portions of four television series produced by Channel 7 (Sunbeam) and portions of two series produced by Channel 4 (Wometco) were received in evidence. The court also received an affidavit by Attorney General Shevin.

The court makes the following findings of fact and conclusions of law —

### Findings of fact

1. The plaintiff, Sunbeam Television Corporation, is a commercial television station, licensed by the Federal Communications Commission, which broadcasts on Channel 7 in Miami, Florida.

2. The plaintiff, the Miami Herald Publishing Company, publishes the Miami Herald, a newspaper of general circulation in the state of Florida.

3. The defendant, Robert L. Shevin is the Attorney General of Florida, and the defendant, Richard E. Gerstein, is the State Attorney for the Eleventh Judicial Circuit of Florida.

4. Prior to October 1974, reporters for the plaintiff, Sunbeam, and other television broadcasters in Florida, and the plaintiff, the Miami Herald, made use of concealed or unannounced electronic recording in their investigative reporting and other news gathering activities. Typically reporters for the television stations have used recording devices concealed on the person of reporters in their "consumer" series. Typically newspaper reporters use the technique to record crucial interviews by telephone.

5. As a result of the amendment to Chapter 934, which became effective on October 1, 1974, the use of such news gathering techniques was discontinued by the plaintiffs subsequent to the enactment of the amendment.

6. The use by reporters of concealed or unannounced electronic recording equipment has been responsible for significant news gathering activities by plaintiffs in the past which resulted in many awards of recognition for outstanding public service.

7. The need for the use of concealed or unannounced electronic recording arises from a number of considerations which generally fall into the categories of *accuracy, candidness,* and *corroboration.* There can be no doubt that many stories of great public interest could not have been published save for the use of concealed or unannounced electronic recording devices.

8. No evidence was offered concerning any compelling state interest which would tend to justify the impairment of news gathering activities by the prohibition of concealed or unannounced electronic recording. Evidence was offered which tends to show that the 1974 Amendment to Chapter 934 significantly impairs law enforcement, as well as news gathering, and the court so finds.

9. News gathering activities of the plaintiffs have been substantially impaired by the prohibition in amended Chapter 934, Florida Statutes, of the use by reporters of concealed or unannounced electronic recordings.

### Conclusions of law

1. Prior to October 1, 1974, the Florida Security of Communications Act, Chapter 934, Florida Statutes, made illegal electronic recording of conversations to which *no party* gave consent. The amendment to the Act passed by the 1974 session of the Florida legislature, Chapter 74-249, makes it illegeal to electronically record conversations unless *all parties* give prior consent. (§934.03(2)(d), F. S.) Certain terms of the statute now are amost meaningless when applied to a situation in which one party to a conversation is recording it without advising the other party, such as by referring to the recording activity as an "interception" and by describing the offending conduct as intruding upon an "expectation of privacy." However, it seems clear that the 1974 Amendment to §934.03(2)(d), particularly when considered with the amendment to §934.02, did purport to make illegal such electronic recordings.

2. Freedom of the press to seek out and to expose ills in our society is a fundamental right protected by the First Amendment to the United States Constitution. *Near v. Minnesota,* 283 U. S. 697 (1931); *U. S. v. Dickinson,* 465 F.2d 496 (5th Cir. 1972); *Miami Herald v. McIntosh,* Sup. Ct. of Fla., Case No. 48,264, July 30, 1976.

3. The broadcast media are equally within the First Amendment protections, *In Re: The Adoption of Proposed Local Rule 17,*

339 So.2d 181 (Fla. Sup. Ct. 1976), and news gathering activities are at the heart of First Amendment freedoms. *Lucy Morgan v. State,* 337 So.2d 951 (Fla. Sup. Ct. 1976); *In Re: The Adoption of Proposed Local Rule 17,* supra.

4. Even minor restrictions on First Amendment freedoms may be unconstitutional. "First Amendment standards cannot be tempered according to the degree of restraint imposed." *United States v. Columbia Broadcasting System, Inc.,* 497 F.2d 102, 105 (5th Cir. 1975); *In Re: The Adoption of Proposed Local Rule 17,* supra, 339 So.2d at 184.

5. "Any direct restraint by government upon First Amendment freedoms of expression must be subjected by the courts to the closest scrutiny, and the government carries a heavy burden of showing justification for its imposition." *In Re: The Adoption of Proposed Local Rule 17,* 339 So.2d 181, 184; *Miami Herald v. McIntosh,* supra, p. 4; *New York Times v. United States* (1971), 43 U.S. 713.

6. The direct restraint imposed upon news gathering activities by the 1974 Amendment to Chapter 34, which prohibits electronic recording of conversations by reporters, protects no compelling state interest. A generalized interest in privacy, government secrecy or protection from injury to reputation is insufficient to impair news gathering activities. *Lucy Morgan v. State,* supra; *New York Times v. United States,* supra; *Time, Inc. v. Hill,* (1967), 385 U.S. 374.

7. "Where a restraint upon news gathering is justified by compelling state interest, the restraint must be specific and narrowly drawn and can be no broader than necessary to accomplish the desired goal." *U. S. v. CBS,* 497 F.2d 102, 106, (5th Cir. 1974); *In Re: The Adoption of Proposed Local Rule 17,* supra, 339 So.2d at 185; *NAACP v. Bulton,* 371 U.S. 415, 433; *Cantwell v. Connecticut,* 310 U.S. 296, 311. Here the "goal" or compelling state interest can only be discerned in a most general way although the statute prohibits conduct on a wholesale basis. For instance, the statute prohibits all electronic recording unless both parties give prior consent in all situations including those in which there is no conceivable right or expectation of privacy such as in consumer fraud or official corruption. See *United States v. White,* 401 U.S. 745, 753 (1971). The 1974 Amendment is clearly too broad, and constitutes a constitutional impairment of First Amendment freedoms.

8. The 1974 Amendment to Chapter 934, Florida Statutes, that is Chapter 74-249, is declared to be unconstitutional as a prior restraint upon news gathering activities in violation of the First Amendment to the United States Constitution.

9. Violation of the provisions of Chapter 934, as amended by Chapter 74-249, is a criminal act. Chapter 74-249 contains words which cannot be interpreted in their natural sense and in their natural sense are virtually meaningless. As such, Chapter 74-249 is void for vagueness as a statute unlawfully chilling First Amendment freedoms. *Winters v. New York,* 1948, 333 U. S. 507.

10. A temporary injunction is therefore appropriate to enjoin the enforcement of Chapter 74-249, Laws of Florida.